NORFLEET v. HUTCHINS, <i>Appellant</i>.

**Limitations**: COLOR OF TITLE: ADVERSE POSSESSION. Under Wagner's Statute, section 5, page 917, in order to establish a claim to land by possession of a part under color of title to the whole, two things must concur: First, There must be actual possession of part in the name of the whole; Second, The claimant must exercise, during the time of such partial possession, the usual acts of ownership over the whole. Nothing short of the concurrence of these two things for the continuous period of ten years will divest the true owner of his title.

Where it appeared that defendant's grantor, claiming the whole tract in controversy under a void deed, had for two or three years paid taxes on it, and, during that time, had once driven off trespassers, and defendant himself, since his purchase, had paid the taxes, and, some eight or nine years before the bringing of the suit, had put up a house and inclosed a "truck patch" of about half an acre on the land; *Held*, that there was no actual adverse possession of the premises for the statutory period within the meaning of the foregoing rule.

*Appeal from Greene Circuit Court.*—Hon. W. F. Geiger, Judge.

*F. S. Heffernan* for appellant.

*E. Y. Mitchell* for respondent.

Sherwood, C. J.—Plaintiffs brought ejectment for a certain tract of land, claiming under one Jacob Shultz. Defendant Hutchins claims under Rountree, who claimed to have purchased the interest of Shultz at execution sale August 22nd, 1863. This suit was brought February 25th, 1875. The deed from Rountree to defendant bears date April 13th, 1865. It was shown on the trial that the deed which Rountree obtained at the sheriff's sale, conveyed no title, so that the only question is, whether defendant and his grantor, Rountree, have had such a possession of the tract in controversy for such a period as will enable defendant to successfully invoke in his defense to this action the statutory bar. As to Rountree, he never had actual possession of any portion of the tract, nor did he exercise any of the usual acts of ownership, save those of paying taxes, and on one occasion driving away from the land a trespasser. And, as to defendant, though he says he took possession immediately upon purchasing, it is evident from his subsequent statements that he never really took possession of any portion of the tract, nor exercised acts of ownership over it, aside from paying taxes, until 1866 or 1867, when he had a house built and a "truck patch" of about half an acre fenced on the land. But even granting that he took actual possession of the land on the date of his purchase, and continuously maintained it thereafter until suit brought, this would not avail him, unless his grantor, Rountree, had previously had such possession of the premises, as would, together with his own possession, answer the requirements of the statute of limitations.

The 5th section of that statute (2 Wag. Stat., p. 917)

provides that: "The possession, under color of title, of a part of a tract or lot of land in the name of the whole tract claimed, and exercising, during the time of such possession, the usual acts of ownership over the whole tract so claimed, shall be deemed a possession of the whole of such tract." The above section has not, that I am aware of, ever been before adverted to but on one occasion, *Bradley v. West,* 60 Mo. 33. In that case it was said, after quoting the section in question: "This section only applies where * * the person having the color of title is in possession of a portion of the premises." This we regard as the obviously correct construction of the section quoted. Nor do we think it can be doubted that the possession there referred to of a part of the tract can mean any thing less than actual possession of such portion; because, otherwise, the words in reference to possession of a part of a tract in the name of the whole, would be without meaning. In other words, if the exercise of the usual acts of ownership over the whole tract claimed would be sufficient, it would be but an idle ceremony to take possession of a portion of the tract. But if we take, as we must, the statute for our guide, before the statutory bar can be successfully used as a shield of defense by a party claiming under color of title, two things must concur: First, He must take actual possession of a portion of the tract in the name of the whole tract claimed; Second, He must exercise, during the time of such partial possession, the usual acts of ownership over the whole tract so claimed. Nothing short of the concurrence of these two things for the continuous period of ten years will answer the demands of the statute and divest the true owner of his title.

The general rule respecting constructive adverse possession is, that the possession of a part of the tract under color of title in the name of the whole tract, is sufficient. Ang. on Lim., 405; Washb. Real Prop., p. 118. It will be observed that our statute has superadded to the ordinary acts evincive of adverse possession, the requirement

of "exercising, during the time of such possession, the usual acts of ownership over the whole tract so claimed." In respect to the strict meaning of adverse possession, a meaning adapted to every variety of circumstances and location, would be extremely difficult, if not impossible to give. It is said, however, that adverse possession in the modern common law is familiar as denoting *disseizin* upon which an adverse title is founded; Ang. on Lim., § 385; the old term *disseizin* being expressive of any act, the necessary effect of which is to divest the estate of the former owner; (Id.) and it is said in *Sparhawk v. Bullard*, 1 Met. (Mass.) 95, that the possession in instances of this sort must be so open and exclusive as to amount to a *disseizin.* Mr. Washburn, in this connection, remarks: "There must be, first, an actual occupancy, clear, definite, positive and notorious; second, it must be continuous, adverse and exclusive during the period prescribed by the statute." 2 Washb. Real Prop., 499. And this seems to be in substance the correct and generally asserted doctrine, as agreed on all hands, as well as in our own State. *Bradley v. West*, *supra*, and cases cited; *Mylar v. Hughes*, 60 Mo. 105, (*loc. cit.* 115). Without undertaking to define with precision what in all cases would be tantamount to an actual or adverse possession within the meaning of the statute referred to, it shall suffice to say that in the present instance there has not been for the statutory period, such a visible, open and notorious or actual possession of a part of the premises in dispute, as would have unmistakably and continuously informed the true owner, for ten years next before suit brought, that Rountree, or defendant, was in actual or adverse possession of a portion of the land sued for. Under this view it becomes entirely immaterial to discuss the declarations of law given or refused. Judgment affirmed. All concur, except HOUGH, J., who concurs in the result.

AFFIRMED.