OZARK PLATEAU LAND COMPANY, *Plaintiff in Error*, v. HAYS.

DIVISION ONE.

1. **Color of Title** : UNRECORDED INSTRUMENT. Color of title need not necessarily consist of recorded instruments.

2. —— : ——. Facts and circumstances showing sufficient notoriety of claim and of its nature and extent may sometimes impart to an unrecorded document the effect of color.

| | |
|---|---|
| 105 | 143 |
| 111 | 421 |
| 105 | 143 |
| 125 | 301 |
| 105 | 143 |
| 64a | 73 |
| 105 | 143 |
| 132 | 398 |
| 105 | 143 |
| 145 | 382 |
| 149 | 237 |
| 105 | 143 |
| 158 | 471 |
| 105 | 143 |
| 160 | 674 |

3.     ———— : ————.   Where in ejectment the agreed statement of facts concedes that defendant's claim was "adverse and notorious," and that it rested upon a patent from the state of Missouri, the absence of any showing that such patent was recorded in the county will not impair, in the appellate court, the force of the patent as color of title.

4.     Land: STATUTE OF LIMITATION : POSSESSION OF PART OF TRACT : COLOR OF TITLE.   Actual possession for ten years of a part of a tract of land under color of title and claim to the whole with the exercise of the usual acts of ownership over the entire tract will amount to actual possession of the latter for the purpose of acquiring title under the statute of limitation. (R. S. 1889, sec. 6768.)

5.     ———— : ———— : ———— : ————.   Where the owner of the better legal title is in actual possession of part of the tract covered by his muniment, his legal seizin is regarded as extending to the whole tract, and, as to such owner, a junior paper title of another claimant will not have effect to extend the rights of the latter beyond the bounds of his actual possession under that junior title.

6.     Agreed Statement of Facts.   Agreed statements of facts are solemn admissions resembling special verdicts, and, as in the case of the latter, the meaning of their language will not be enlarged in the supreme court beyond its plain and express scope.

7.     ————.   Where the agreed statement does not contain facts sufficient to warrant a finding for the plaintiff, the judgment of the trial court for defendant will be affirmed.

*Appeal from Laclede Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

THIS is an action of ejectment in the ordinary form for the south half of the northeast quarter and northwest quarter of the northeast quarter of section 34, township 34, range 14, in Laclede county. The defense is the statute of limitations, adverse possession under color of title, etc.

In the circuit court the cause was submitted on a statement of facts, agreed to by both parties. It included a map to indicate the exact location of the disputed land.

The agreed case then reads thus : "That for thirty years, the plaintiff and those through whom it claims have been in uninterrupted and exclusive possession and held the title in fee to the south half of section 27, the southwest quarter of section 26, and the west half of section 35, described in the above map.

"That both the plaintiff and those through whom it claims, as well as the defendant, have paid taxes on the land in dispute for more than fifteen years, the land having been doubly assessed.

"That for the same period the defendant had been in the uninterrupted, undisputed possession, and claiming and owning in fee simple the east half of the northwest quarter and northeast quarter of the southwest quarter and the north half of the southwest quarter of section 34 in the above map.

"That on the twenty-fifth day of December, 1852, the congress of the United States of America granted to the state of Missouri, for railroad purposes, the land in dispute, viz : The northwest quarter of the northeast quarter and the south half of the northeast of section 34, township 34, range 14.

"That, in the following year, the state of Missouri by patent conveyed this land to the South Pacific Railroad Company, and that by due and proper conveyance therefrom plaintiff has acquired title thereto, and is entitled to the possession thereof; unless by the facts hereinafter set forth it is precluded, which facts are :

"That in the year 1867 the governor of the state of Missouri issued to the defendant a patent 'for all the lands in dispute ; that he had been in possession since a date long prior thereto, to-wit, since the first day of January, 1860; that he has inclosed with a fence all that part of the land in dispute, situate west and south of the Osage river ; that no part of the land on the north or east sides of the Osage river has ever been fenced, and that the fence on the south and west sides thereof is

about one hundred yards distant from the river bank; that his possession has been uninterrupted, adverse and notorious; that as to the land in dispute the defendant has claimed title to same under patent from the state of Missouri; that he has cut timber on said land in dispute and protected the timber from trespassers, and paid taxes on same. It was admitted that the Osage river is not navigable at this point."

It was claimed on trial by plaintiff, that it was entitled to the possession of all that part of the land in dispute north and east of defendant's fence, and it prayed the court to give the following declaration of law, to-wit: "The court declares the law to be that under the evidence in this case the plaintiff is entitled to the possession of all that part of the land in dispute, and described in its petition, situate north and east of defendant's fence."

This declaration of law the court refused, and plaintiff excepted. The court gave judgment for defendant, and after the ordinary steps for a review and exceptions duly saved, plaintiff appealed.

*E. D. Kenna* and *Adiel Sherwood* for plaintiff in error.

(1) There must have been an actual occupation for the full statutory, period of a portion of the tract and this under "color of title." This must have been open, notorious, etc. The actual possession of a part must have been in the name of the whole. The claimant must exercise, during the time of actual possession, the usual acts of ownership over the whole tract. *Norfleet v. Hutchins*, 68 Mo. 597. (2) Actual occupation of a portion of the tract so as to give constructive possession of the whole tract must have been of such a character as to raise a reasonable presumption that the owner knows that the entry was made under "color of title." If such a presumption be not reasonable,

disseizin will not extend beyond actual occupation. (3)
The deed alleged to make "color of title" must have
been recorded. *Hodges v. Eddy*, 38 Vt. 345 ; *Crispen
v. Hannavan*, 50 Mo. 544. (4) The intention to claim
a hostile and adverse title must be established or the
dispossession is only a trespass, and however long con-
tinued will not constitute a disseizin. *Putman School
v. Fisher*, 38 Me. 324 ; *Grant v. Fowler*, 39 N. H. 101 ;
*Hodges v. Eddy*, 41 Vt. 488 ; *Morse v. Churchill*, 41
Vt. 649 ; *Church v. Barghart*, 8 Pick. 328 ; *Jackson v.
Wheat*, 18 Johns. 44. (5) Seizin will be presumed to
be in the true owner till the presumption is overthrown
by proof of inconsistent facts. The occupation of any
other person is presumed to be in subordination to the
legal title. There can be one actual seizin, and posses-
sion follows the title. *Brownell v. Brownell*, 19 Wend.
369 ; *Beebee v. Griffing*, 14 N. Y. 235 ; *Long v. Mast*,
11 Pa. St. 189 ; *Babcock v. Utter*, 1 Abb. App. 27 ;
*Stephens v. McCormack*, 5 Bush, 181 ; *Stephens v.
Houser*, 39 N. Y. 304 ; *Toomey v. Kay*, 62 Wis. 104 ;
*Harvey v. Tyler*, 2 Wall. 349. (6) The element of
good faith must be present; unless the intention to hold
adversely is made in good faith, under the belief that
the deed constituting "color of title" is valid, the claim
cannot extend beyond mere actual occupation. (7)
Where there is no actual possession of land shown, the
law carries the possession to the real title. "No length
of constructive possession will ripen a defective title
into a good one." *Williams v. Wallace*, 78 N. C. 354 ;
*Turner v. Hall*, 60 Mo. 271 ; *Carrol v. Gillion*, 83 Ga.
539 ; *Washburn v. Cutter*, 17 Minn. 361. (8) The use
of timber from land is not sufficient evidence of adverse
possession. *Pullen v. Hopkins*, 1 Lea (Tenn.) 741.
Nor will driving cattle, cutting timber or grass, or
planting trees and exercising no other acts of ownership,
except to pay taxes, be sufficient evidence of adverse
possession of that portion of a tract not actually occu-
pied, but held under "color of title"—in the absence

of an inclosure. These acts will not work disseizin. *Scott v. Woodruff*, 4 S. W. Rep. 908; *Brown v. Rase*, 7 N. W. Rep. 133; *Bliss v. Jordan*, 94 N. Y. 235; *McQuiddy v. Ware*, 67 Mo. 74; *Pike v. Robertson*, 76 Mo. 615. (9) To countervail the legal title there must have been an actual occupation or substantial inclosure by the disseizor, or those through whom he claims. The doctrine of constructive possession through " color of title" does not apply to large tracts of land. *Jackson v. Woodruff*, 1 Cow. 276. Nor does it apply to tracts of land which cannot be used in one body. *Thompson v. Burhans*, 61 N. Y. 69; *Turner v. Stephenson*, 40 N. W. Rep. 735. (10) Knowledge, or the means by which knowledge may be obtained, must be brought home to the person seized or possessed of the land; because the statute proceeds upon the ground that a cause of action exists in his favor for the intrusion, yet that he acquiesces and does not attempt to regain the possession of the land in the mode provided by law. Clandestine entry will not set the statute in motion. *Thompson v. Pioche*, 44 Cal. 508; *Potts v. Coleman*, 67 Ala. 228; *Sailor v. Hertzogg*, 2 Pa. St. 185. Entry without this is a mere trespass. *Pray v. Pierce*, 7 Mass. 383; *Halley v. Hawley*, 39 Vt. 534; *Carrol v. Gillion*, 33 Ga. 539; *Wing v. Hall*, 47 Vt. 182; *Soule v. Barlow*, 49 Vt. 329. (11) The whole doctrine of adverse possession rests upon acquiescence; this cannot be presumed unless the owner has, or may be presumed to have, notice of the possession by reason of the deed being on record of the notorious character of the disseizor's possession. *School Dist. v. Lynch*, 33 Conn. 334. Hence, the possession must be such as to leave no doubt in the mind of the true owner, not only who the adverse person was, but that the intention is to keep him out of the land. *Denham v. Holman*, 26 Ga. 191. The question is whether the acts are sufficient within themselves to notify the owner of the possession and its hostile character. *Moarr v. Thompson*, 69 N. C. 121; *Foulke*

*v. Bond,* 41 N. J. L. 527. ( 12 ) No entry or possession is presumed to be adverse to the lawful owner. Hence, to establish an adverse possession acts must be shown by the possessor which negative the presumption that it has been in subserviency to the rights of the owner. *Hart v. Bostwick,* 14 Fla. 162 ; *Brandt v. Ogden,* 1 Johns. 156 ; *Jackson v. Vredenburg,* 1 Johns. 159 ; *Jackson v. Parker,* 3 Johns. 124 ; *Davis v. Bowman,* 55 Miss. 671.

*J. P. Nixon* for defendant in error.

( 1 ) In cases of agreed statement of facts, presumptions are most strongly against the plaintiff. *Isenberg v. Anchor Line,* 13 Mo. App. 415. ( 2 ) Everything necessary to maintain the judgment must clearly appear in the statement. *Moore v. Henry,* 18 Mo. App. 35. ( 3 ) If there be any ambiguity or omission of facts necessary to a recovery, or any substantial lack of clearness or certainty, no judgment can be rendered on it. *Gage v. Gates,* 62 Mo. 412 ; *Hughes v. Moore,* 17 Mo. App. 148. These principles, applied to the statement of facts in case now to be considered, lead us to these conclusions : *First.* Plaintiff, not having been in actual possession of any part of land, and defendant, having been in actual possession '' of a part of land, under color of title, claiming this whole tract, and exercising, during the time of such possession, the usual acts of ownership over the whole tract so claimed, he is to be deemed in law to have been in possession of the whole tract.'' R. S. 1879, sec. 3220. This case then stands upon well-settled principles. *Gaines v. Saunders,* 87 Mo. 557 ; *Harbison v. School Dist.,* 89 Mo. 184. *Second.* It was not necessary for respondent to prove record of his patent to give color of title. Color of title may exist where there is no record of deed, and where there is no deed to record. There may be color of title when deed is not acknowledged ; and, of course, there can be no legal

record or constructive notice from a wholly void record. *Hamilton v. Boggess*, 63 Mo. 235; *Railroad v. Clark*, 68 Mo. 371. Color of title may be created by acts *in pais*. *Hughes v. Israel*, 73 Mo. 538; *Rennels v. Rennels*, 52 Mo. 109.

BARCLAY, J.—This case was tried upon an agreed statement of facts, and now presents, mainly, questions as to the meaning of that statement.

It is conceded that plaintiff has the earlier paper title, and that it is entitled to recover, unless the facts stated give defendant a better right.

The statement shows defendant's possession of the disputed land, under color of title, for more than ten years before this action, and that such possession was "uninterrupted, adverse and notorious." From other parts of the agreed case it is evident that these words were not intended to imply "actual" possession, for further details of evidence are mentioned obviously bearing upon that particular point. Defendant's claim to actual possession rests upon his having "cut timber on said land, protected the timber from trespassers, and paid taxes on same."

It also appears that defendant has inclosed with a fence a large portion of the land described in the patent ( which forms his color of title ), but not that part which is now the subject-matter of dispute. Plaintiff urges that the defendant's patent, covering the debatable tract, cannot be regarded as giving color of title, because it does not affirmatively appear to have been recorded in the local office for the registry of conveyances in the county where the land lies.

Color of title need not necessarily consist of recorded instruments. Facts and circumstances, showing sufficient notoriety of claim, and of its nature and extent, may sometimes impart to an unrecorded document the effect of color. But, as the agreed statement concedes that defendant's claim was "adverse and notorious,"

and that it rested upon a patent from the state of Missouri, we think the want of any showing that it was recorded in the county cannot impair the force of the patent, as such color, here.

Defendant claims the effect of a perfect title by lapse of time, in the circumstances described. Actual possession for ten years of a part of a tract of land, under color of title and claim to the whole, with the exercise of the usual acts of ownership over the entire tract, will amount to actual possession of the latter, for the purposes of acquiring title under our statute of limitations. R. S. 1889, sec. 6768.

But here are two coterminous proprietors, whose respective colors of title, unfortunately, blend. It is our task to discern, in the mixture, that color which is justly entitled to favor in the eye of the law.

The plaintiff has title to, and possession of, a large tract of land adjoining that in suit; but, as to the nature of that possession, the agreed case is entirely silent. It is of vital consequence to the rights of these parties what the character of that possession has been during the period, in which the law of limitation would become operative on the title, before the bringing of this action.

The rule of law governing this point we may venture to summarize thus: Where the owner of the better legal title is in actual possession of part of the tract covered by his muniment, his legal seizin is regarded as extending to the whole tract; and, as to such owner, a junior paper title of another claimant will have no effect to extend the rights of the latter beyond the bounds of his actual possession under that junior title. *Hunnicut v. Peyton* (1880), 102 U. S. 333.

This rule was declared in this state as early as *Cottle v. Sydnor* (1847), 10 Mo. 763, but somewhat restricted, if not abandoned, in *McDonald v. Schneider* (1858), 27 Mo. 405, and *Griffith v. Schwenderman* (1858), 27 Mo. 412; reasserted in *Schultz v. Lindell*

(1860), 30 Mo. 310; *Tayon v. Ladew* (1862), 33 Mo. 205, and *Crispen v. Hannavan* (1872), 50 Mo. 537, and more recently confirmed in *Leeper v. Baker* (1878), 68 Mo. 400.

We need not further review these Missouri cases or mention others that bear upon the point. Our statement of the rule is merely for the purposes of this case, and must be taken in the light of the peculiar showing of facts with which we have to deal. The precedents mentioned clearly indicate that, where the true owner is not in actual possession of any part of the tract, an adverse, actual possession under color of title may be established by another that will cut down the elder title to the extent of such conflicting color, and ultimately create a superior right, by lapse of time, under the provision of our law on the subject of limitation of actions. R. S. 1889, sec. 6768.

What acts will characterize possession as "actual," in the connection in which that word is here used, depends on the facts of particular cases. The nature and location of the property, and all the circumstances, must be considered in determining it, in any given one. In that before us, it is admitted that defendant has had actual possession of a part of the tract covered by his patent for the requisite period of limitation, claiming the land in dispute, which is within the description in that patent. Whether his acts upon the land in suit now claimed by plaintiff should be construed as constituting actual possession by defendant, we need not consider, since his title should obviously prevail as to that land, unless plaintiff's possession of the adjacent territory mentioned was likewise actual. That, it has not been shown to be. As we have already stated, the agreed facts shed no light on that point whatever.

What, then, is the proper disposition to make of the case? If the party on whom the burden of proof rests submits his cause without evidence, or on evidence insufficient to warrant the affirmative action of the trial

Ozark Plateau Land Co. v. Hays.

court, and the latter thereupon finds for the defendant, the plaintiff, on reaching this court, surely cannot justly claim a reversal and new trial because of the inadequacy or imperfections of the case on which he asked judgment on the circuit.

If the original finding were in favor of plaintiff, upon a statement of facts insufficient to sustain that result, this court might properly reverse, and, if thought just, remand the cause for new trial, by virtue of express statutory authority to that effect ( R. S. 1889, sec. 2304), as was done, for instance, in *Gage v. Gates* (1876 ), 62 Mo. 412. But, on the other hand, this court has power, and has at times exercised it, of directing a different judgment, on an agreed statement, from that pronounced in the trial court, without ordering a new trial. R. S. 1889, sec. 2304; *Henry, etc., Co. v. Evans* ( 1889 ), 97 Mo. 47.

Agreed statements of fact are solemn admissions, resembling special verdicts, and ( as with the latter ) the meaning of the language in which they reach us cannot be enlarged beyond its plain and express scope. *Munford v. Wilson* ( 1852 ), 15 Mo. 540 ; *Henri v. Grand Lodge* ( 1875 ), 59 Mo. 581.

Under the law now governing proceedings in this court, we are not warranted in reversing a judgment, unless we can point out error in the record to the prejudice of appellant, materially affecting the merits of the action. R. S. 1889, sec. 2303. On the facts here agreed, plaintiff is not entitled to recover. That the showing on which it submitted the action fails to contain facts enough to warrant a finding for plaintiff cannot justly be regarded as furnishing a sufficient reason to reverse the ruling of the trial judge, entered in favor of defendant, the only correct conclusion that could have been pronounced in the circumstances.

The judgment is affirmed ; BLACK and BRACE, JJ., concurring. SHERWOOD, C. J., dissents.