Vaughan v. Rupple.

F. B. VAUGHAN *et al.*, Respondents, v. GEORGE RUPPLE *et al.*, Appellants.

St. Louis Court of Appeals, March 9, 1897.

1. **Waterway, Prescriptive Right of:** EVIDENCE: NONSUIT. *Held:* That the evidence in this cause was insufficient to establish the prescriptive right of waterway claimed, and the court, therefore, erred in refusing to direct a nonsuit.

2. **Parties, Dismissal as to:** EVIDENCE. The court also erred in refusing to dismiss the case as to a party defendant not shown by the evidence to have been connected in any manner with the alleged trespass.

3. **Counterclaims, Arising Out of Different Transactions.** Counterclaims arising out of transactions different from the one in suit were properly stricken out.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Robert Shackelford* and *W. W. Fry* for appellants.

An easement can only be acquired by deed or grant, or some servitude imposed, by grant, on the land of defendant, which can be done only by the production of an existing deed. *Dunham v. Joyce,* 129 Mo. 5; *Fuhr v. Dean,* 26 *Id.* 116; *Desloge v. Pearce,* 38 *Id.* 588; *Allen v. Mansfield,* 82 *Id.* 688; *Pitzman v. Boyce,* 111 *Id.* 387.

If there was such a ditch as claimed by plaintiffs, and they had a right to use it, the same being mere parol permission, as they admit, and not a valid grant, it was only a license, and as such defendants had the right to revoke it at any time, without notice. *Dunham v. Joyce, supra; Pitzman v. Boyce,* 111 Mo. 380; *R. R.*

*v. Stock Yards*, 120 *Id.* 563; *Nelson v. Nelson*, 41 Mo. App. 130.

An adverse right of easement can never grow out of a mere permissive use of a license. *Dunham v. Joyce, supra; Dyer v. Sanford*, 50 Mass. 395; *Pitzman v. Boyce, supra; Nelson v. Nelson, supra.*

The court erred in refusing to grant a peremptory instruction for a verdict, asked by defendants, at the close of plaintiffs' evidence. *Dunham v. Joyce,* 129 Mo. 13.

No brief filed for respondents.

BIGGS, J.—In the year 1893 the plaintiffs occupied as lessees what is known as the Hozelton farm. This land extends along the east side of section 17, a distance of three fourths of a mile. The defendant, George Rupple, owns an adjoining farm on the east and situated in section 16. There is a hedge fence between the farms, and there is a ditch extending north and south along the west side of the hedge. The land is almost level prairie. The natural flow of the surface water from the eastern portion of the Hozelton farm is to the southeast over the southern portion of Rupple's farm. The water, however, follows no channel or drain. There is merely a slight depression in the surface of the land extending in a southeasterly direction. It is claimed by the plaintiffs that since 1881 there has existed a ditch along the north line of the southern forty acres of Rupple's farm, and that this ditch, by means of its connection with the ditch extending north and south, has been used and maintained for the purpose of draining the surface water from the Hozelton land. In the year 1893, the defendants, Louis Rupple and E. Mosier, occupied and cultivated the Rupple farm as tenants of their codefendant, George Rupple.

The foregoing facts in reference to the ditches are set forth in plaintiffs' petition, and for a cause of action they charge, that in the spring of 1893 the defendants filled up the ditch, which it was alleged extended east over Rupple's land, thereby damming up the surface water and causing it to overflow the plaintiffs' crops to their damage, etc.

The defendant, George Rupple, filed a separate answer. It contained a general denial, and also attempted to set up a counterclaim to the effect that at the time complained of the plaintiffs cut openings in the ditch running north and south by which the water was precipitated onto his land, thereby damaging it. The separate answer of the other defendants likewise set up a counterclaim for damages to their crops from the same cause. On motion of plaintiffs the court struck out both counterclaims. The trial resulted in a verdict and judgment for the plaintiffs for $1. The defendants have appealed and assign for error the refusal of the court to direct a nonsuit, and that the instructions given at the instance of the plaintiffs are erroneous.

There is no evidence of an actual grant of the waterway or of an agreement for its maintenance. The plaintiffs claim the right by prescription. The evidence introduced by them tended to prove these facts: In 1881, one Stephenson owned the Rupple farm. In April of that year Hozelton, without the knowledge or consent of Stephenson, and without pretense of right so to do, plowed four furrows along the north line of Stephenson's south forty. This drain remained open from that time, without objection, and served to drain off a portion of the surface water from the Hozelton farm. In the spring of 1893, the plaintiffs planted a crop of corn on this farm, and during that spring Louis Rup-

ple and E. Mosier, who had the Rupple farm leased, stopped up the connection between the two ditches, thereby obstructing the surface water and causing it to overflow plaintiffs' crops. They introduced no substantial evidence, however, connecting George Rupple with the trespass, and they failed to introduce any evidence tending to show that Hozelton had at any time manifested an intention to hold and enjoy the easement under a claim of right.

On the other hand the defendant's testimony tended to prove, by the much greater weight of the evidence, that at no time had there been a ditch at the place claimed; that in the cultivation of the land a dead furrow was generally left at or near the hedge on the north line of the south forty, but that this was not intended as a drain for Hozelton's land. All of the owners of the Rupple farm since 1881, testified that there was no ditch there, and that neither Hozelton nor anyone else had ever by word or act asserted a right of drainage through the farm. Louis Rupple and Mosier admitted that they filled up an opening in the east bank of the north and south ditch, which they claimed the plaintiffs had cut for the purpose of letting the water from the ditch onto Rupple's farm. George Rupple denied that he advised, counseled, or had anything to do with this. Under this evidence we are of the opinion that the circuit court ought to have directed a judgment for the defendants.

An easement is an interest in land, and can only be acquired by grant, or by long user from which a grant will be presumed. The courts of this state have held, that to constitute such a user or enjoyment, the user must not only have been for the requisite time, to wit, ten years, but adverse, continuous, and with the knowledge and acquiescence of the owner of the inheritance.

*House v. Montgomery*, 19 Mo. App. 170; *Hanlon v. Mc-Manus*, 42 Mo. App. 551. Mr. Washburn in his treatise on the subject of easement (section 131) states the rule in this way: "The use and enjoyment of what is claimed must have been adverse, *under a claim of right*, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the estate," etc. The statement of the rule by Mr. Washburn is more comprehensive and exact, and under it there can be no adverse user or enjoyment, except under a claim of right. In the recent case of *Pitzman v. Boyce*, 111 Mo. 387, it was held that "no adverse user can arise until a *distinct and positive assertion of a right hostile to the owner*." In reference to the acquisition of title to land by an adverse holding, the supreme court in *Bradley v. West*, 60 Mo. 33, said, that "the intent to claim and possess the land" is one of the questions necessary to constitute a disseizin and to hold an adverse possession. An adverse possession of an easement is one that is inconsistent with the full enjoyment of the land by the owner, according to the nature of his title or estate. According to the evidence of plaintiffs, there was a ditch or drain at the place claimed, which connected with the north and south ditch, and from the time Hozelton plowed the furrows the owners of the Rupple farm permitted a portion of the surface water from the Hozelton land to pass off through this drain. This would probably tend to prove an adverse user. But to constitute a prescriptive right such user must also have been under a claim of right, that is, under an avowal by Hozelton of a legal right to the enjoyment of the easement. This is in accordance with the ruling in the *Pitzman* case, *supra*, and is supported by all of the text writers. The reason of the rule is that the owner of the land must be advised that the user is under a claim of right so that he may resist it

if not well founded. The only act of Hozelton in reference to the drain, was the plowing of four furrows in the spring of 1881. This was done without the knowledge of Stephenson. So far as this record shows, neither Hozelton nor his tenants did anything after that to maintain the ditch or to openly assert any dominion over it, until the spring of 1893. We conclude that the evidence was insufficient to prove the prescriptive right claimed, and, therefore, the circuit court committed error in refusing to direct a nonsuit.

As there was no substantial evidence to prove that George Rupple was in any manner connected with the alleged trespass, the circuit court also committed error in refusing to order a dismissal as to him.

DISMISSAL as to parties: evidence.

The action of the court in striking out the counterclaims was right. It suffices to say that they arose out of different transactions to the one in suit. The judgment of the circuit court will be reversed and the cause remanded. All the judges concur.