SELL, Appellant, v. ANNA McANAW et al.

### Division One, November 12, 1900.

Ejectment: ADVERSE POSSESSION. The question of adverse possession is one of fact to be determined by the jury under proper instructions. There was substantial testimony tending to prove that both the grantee of the widow's unassigned dower and his grantee, the defendant, admitted that they knew they acquired the widow's unassigned dower by their quitclaim deed, and that upon her death her husband's heirs would be entitled to the land, divested of their claim. On plaintiff's part there was testimony that strongly tended to show that defendant never claimed or exercised any possession adverse to plaintiff's legal title. On the contrary, defendant's case was mainly predicated on the mistaken idea that a deed from a widow conveying her unassigned dower, vested in the grantee and his devisee the right to the exclusive possession during his lifetime. *Held*, that the question of adverse possession should have been submitted to the jury for determination.

Appeal from Clinton Circuit Court.—*Hon. W. S. Herndon, Judge.*

REVERSED AND REMANDED.

*E. J. Smith* and *Turney & Goodrich* for appellant.

(1) The court erred in excluding the testimony of William Henry. The deed is a quitclaim and is not contradicted by the evidence offered. Besides, Henry's statement to the parties and the declaration of Mrs. Crane and Edward Smith, were part of the *res gestae* and show the title or interest she intended to convey. It shows further that the interest

to be conveyed was known to Smith, the grantee, and that he acquiesced in it. Gamble v. Johnson, 9 Mo. 606; Dickinson v. Chrisman, 32 Mo. 134. Again, evidence of the circumstances under which Smith took possession is admissible. Draper v. Short, 25 Mo. 197. (2) Possessions to give title must be adverse. If Edward Smith, Mrs. Crane and the heirs of Thomas Crane believed that the deed conveyed the dower estate of Mrs. Crane with the right to the possession, and Smith entered on the land in this belief, his possession was not adverse to the heirs. There was neither an actual ouster of the real owners nor an intent to oust them. St. Louis v. Priest, 103 Mo. 652; Ivy v. Young, 129 Mo. 501. That this was the belief of all the parties is shown by the evidence, and is the only theory consistent with the acts and the declarations of all of them. That they should make such a mistake is not surprising when it is remembered that the circuit judge made the same mistake on the first trial.

*H. T. Herndon* for respondents.

The decision of the lower court this time is doubly right, or right for two reasons. First. For the reasons adjudged in Sell v. McAnaw, 138 Mo. 267. Second. For the reason that respondent shows herself the owner of the legal title and respectfully asks affirmance.

MARSHALL, J.—Ejectment to recover twenty-five acres of land in the northeast quarter of the southwest quarter of section 33, in township 57, of range 30, in Clinton county, Missouri, instituted April 2, 1897.

The petition is in ordinary form. The answer of Anna is a general denial, while that of her husband John J., is an admission of his possession, an allegation that such possession

is lawful, and a general denial of the other allegations of the petition.

Thomas Crahan (now called Crane), who died October 1, 1880, is the common source of title. The plaintiff claims under a deed from Mary Donnelly, formerly Mary Crane, the widow of Thomas Crane, and who was married to Donnelly in February, 1887, and Maggie E. Crane, John B. Crane, and Lizzie Crane, heirs at law of Thomas Crane, dated March 26, 1895, and under a deed from Thomas Crane, the remaining heir of Thomas Crane, dated May 3, 1895, while the defendants claim under a deed made by Mary Crane (now Donnelly) the widow of Thomas Crane, to Edward Smith, dated March 12, 1881, and under the will of Edward Smith, who devised the profits of all his real estate to his wife Anna (now the defendant Anna McAnaw) for life and after her death the estate to go to his son Charles Edward Smith, but if he died before his mother, leaving no issue, the estate to go to Anna absolutely. At the time of the trial in the circuit court, on September 14, 1897, Thomas Crane, the son, appears to have died without issue, and the living heirs were John, aged thirty-two, Lizzie, aged twenty-nine, and Maggie, aged twenty-three.

The land in controversy is wood land and lies about a mile and a half from the mansion house of the defendants. It was used by them to supply fuel and poles for the home place and has no value as farming land. It was never inclosed or fenced until a short time before the institution of this suit. Mrs. McAnaw paid taxes on it and excluded trespassers from it. There is no substantial conflict in the evidence that when Edward Smith bought the land from Mrs. Crane he knew she had only an unassigned dower interest in the land, and said he only wanted it to cut the timber on it and that for this purpose the title he got from Mrs. Crane

was worth the two hundred dollars he paid her for it.   At the time Mrs. Crane sold to Smith, her oldest son was of age and he refused to join in the deed.   The plaintiff introduced testimony tending to prove that the defendants Anna and John both admitted that Anna had only the life estate of Mrs. Donnelly (the former wife of Thomas Crane) and that after her death the heirs of Thomas Crane would be entitled to the land.   The defendants introduced testimony tending to prove that they used the land to get timber from it for fuel and poles for the home place; that they had paid taxes on it, that they kept trespassers off of it; that it was known and called among the neighbors the McAnaw property ·and that they claimed it as their own and did not recognize the rights of any one else.   The plaintiff asked the court to instruct the jury that he ·was entitled to recover one-fourth part of the land, and also to define what constitutes adverse possession, but the court refused to give such instructions and on the contrary peremptorily instructed the jury to find for the defendants.   After proper steps the plaintiff prosecuted this appeal.

## I.

This controversy was heretofore before this court and is reported in 138 Mo. 267.   It was then held that the deed from Mary Crane to Edward Smith conferred no right of possession upon Smith and no right to go upon the land and cut timber therefrom, for the reason that she had no such right; that the land and the right of possession descended from Thomas Crane to his heirs; that Mary Crane had only an unassigned dower interest in the land, which, in the state of the law at that time, she could not convey to Smith; that this land was no part of the mansion or homestead and therefore the trial court was in error in holding that she was entitled to the possession of it, and could alienate it, until her

dower was assigned, but that the evidence then before the court conclusively showed that the defendants had acquired title to the land by limitation, and therefore the judgment of the trial court was for the right party and hence it was affirmed notwithstanding the case had been tried and decided by the jury according to erroneous instructions given by the court.

The only evidence of adverse possession stated in the opinion is that Edward Smith, during his lifetime, and Anna, his widow, after his death, "have taken from this land all the timber and firewood used on the farm." It is then added: "The evidence shows conclusively that defendants have been using the land in the same manner as when the suit was commenced, for more than ten years prior thereto. If the use made of the land and the acts of ownerships exercised over it by defendants constituted possession, then under the statute of limitations the action is barred."

That decision was right as to the effect of the deed from Mary Crane to Edward Smith, and the facts disclosed by the record then before the court must have supported the conclusion stated, that the defendants had acquired title by limitation, else that conclusion would not have been reached.

That issue however had not been tried in the trial court, but on the contrary all instructions bearing upon that question were refused by the trial court, and under the instruction given, the jury was directed that the deed from Mary Crane to Smith conveyed Mrs. Crane's dower interest to him and that deed and Smith's will gave the defendants the right to the possession of the land until her dower was assigned, and that there was no evidence that it had been assigned; and hence the verdict should be for the defendants.

The question of adverse possession is one of fact, to be determined by the jury under proper instructions. [Wilson

v. Taylor, 119 Mo. 626; St. Louis v. Priest, 103 Mo. 652; Draper v. Shoot, 25 Mo. 197; Ozark, Etc., Land Co. v. Hays, 105 Mo. 143; Huckshorn v. Hartwig, 81 Mo. 648.] Ordinarily legal seizen and possession follows the legal title. [Bradley v. West, 60 Mo. 33.] The legal owner may suffer the real estate to remain unoccupied any number of years, and his legal title draws the possession with it until actual adverse possession commences. [Douthitt v. Stinson, 63 Mo. 268; Turner v. Baker, 64 Mo. 218.] Hence any one claiming title by adverse possession only, as against the owner of the legal title, must show that he or those under whom he claims have had open, notorious and continuous adverse possession under claim of right or color of title for the period limited by the statute. [Bradley v. West, 60 Mo. 33.] What constitutes actual possession must be determined by all the facts and circumstances of each particular case. [Land Co. v. Hays, 105 Mo. 143.] Of course it must be understood that while these are questions of fact to be decided in the first instance by the jury under proper instructions from the court, if there is any substantial conflict of evidence, still if the facts are admitted or there is no such substantial conflict, the question then ceases to be one of fact to be determined by the jury and becomes one of law for the court. The record before the court when this case was here before must have brought the case within the latter rule, but the record now before the court utterly fails to do so. The facts disclosed by the record as to the character of the defendants' possession are very different from the only facts stated in the opinion when the matter was here before. Those facts have never been passed on by a jury. The plaintiff asked the court to instruct the jury on this question but the court refused to do so, and instead gave a peremptory instruction to the jury to find for the defendants. This was manifest error.

For there was substantial testimony tending to prove that both Mr. Smith, during his lifetime, and his widow, Anna, since his death, admitted that they knew they only acquired the unassigned dower interest of Mary Crane, and that upon her death the heirs of Thomas Crane would be entitled to the land, divested of their claim. It goes without saying that neither the widow nor her grantee is entitled to the exclusive possession of the whole land, by virtue of a dower interest. But in addition to this consideration, it was properly held when this matter was here before, that Mrs. Crane's deed to Smith was a nullity and passed neither her right to dower nor any right of possession to Smith. It also appears from this record that these defendants as late as August, 1897, realized the infirmity of their claim to title by limitation, for they then obtained from the widow and heirs of Charles W. Porter, for a consideration of one dollar, a quitclaim deed to the land, and that the defendants wanted that deed because their title was "incomplete," and they took it notwithstanding those heirs set up no claim to the land and knew they had no claim, as did also the defendants, because their ancestor, Charles W. Porter, had conveyed the land in 1855 to James McBath, from whom none of these parties or those under whom they claim ever acquired title. In fact both parties in this case directed the bulk of their testimony to the issue as to the character of defendants' possession. That of the plaintiffs strongly tended to show that the defendants never claimed or exercised any possession adverse to the legal title vested by law in the heirs of Thomas Crane, while that of defendant was predicated, mainly, upon the mistaken idea that the deed from Mrs. Crane to Smith of her unassigned dower rights vested in him and the devisees under his will the right to the exclusive possession during Mrs. Crane's lifetime, and this claim was shown, when the controversy was

here before, to be untenable because that deed was a nullity, and such claim was further untenable because a dower interest entitles the dowress to a life estate in only one-third of the real estate and not to the possession and profits of the whole real estate for life.

The testimony preserved by this record does not conclusively or even persuasively show that the defendants ever asserted any adverse right to the property as against the heirs of Thomas Crane, who hold the legal title, and as the defendants have no legal title unless it has been acquired by limitation, the trial court erred in giving the peremptory instruction to find for the defendants, but instead should have left that question of fact to be decided by the jury under proper instructions from the court.

For these reasons the judgment of the circuit court is reversed and the cause remanded to be proceeded with in accordance herewith. All concur.