CHARLES CLAYBAUGH, Respondent, v. THE KANSAS CITY, FORT SCOTT AND MEMPHIS RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 5, 1894.

1. **Master and Servant:** VICE-PRINCIPAL: FOREMAN OF SECTION GANG. The foreman in charge of a section gang of a railway company with authority to employ men, and to direct them how and when and where to work, is a vice-principal.

2. ———: RISKS ASSUMED BY SERVANT. A servant assumes the risk of an unusual and extra hazardous way of performing the work in which he is engaged, when the danger is obvious, and he, being experienced in the work, has full knowledge of the nature and extent of the risk.

3. ———: DUTY OF MASTER TO USE PRECAUTION TO AVOID INJURY. Where a master places his servant in a position of unusual hazard, it it is his duty to adopt every reasonable precaution to avoid injury to the servant. The measure of that duty must be determined by the facts and circumstances in each case.

4. ———: CONTRIBUTORY NEGLIGENCE. To authorize a nonsuit, in an action for physical injury, on the ground of contributory negligence on the part of the servant, an unavoidable inference of such negligence must arise from the plaintiff's own evidence.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*Wallace Pratt* and *J. C. Cravens* for appellant.

(1) The evidence fails to show that the section foreman was defendant's vice-principal. On the contrary, it shows that the work was done upon the orders of the road master; and the section foreman was doing his share of the labor just as any other of the gang. It is not shown that he had authority to either employ or discharge the men; and, besides, the evidence shows positively that he had nothing to do with paying the men. Therefore, if plaintiff was injured by negligence other than his own, it was that of a fellow servant. *Railroad v. Torry*, 24 S. W. Rep. 244; *Willis v. Railroad*, 17 Am. & Eng. R. R. Cases, 539; *Olson v. Railroad*, 33 Am. & Eng. R. R. Cases, 386; *Marshall v. Shricker*, 63 Mo. 308. (2) It is plain from the statement of the plaintiff himself that he was guilty of contributory negligence. He is guilty of contributory negligence who pays no attention to his own safety, and trusts to the obligations of others to warn him of danger. *Turner v. Railroad*, 74 Mo. 602; *Milburn v. Railroad*, 86 Mo. 104; *Maloy v. Railroad*, 84 Mo. 270; *Buesching v. Gas Co.*, 73 Mo. 219; *Kelley v. Railroad*, 11 Mo. App. 1; *Lenix v. Railroad*, 76 Mo. 86; Beach on Contributory Negligence, secs. 35, 36, 37; *Brick v. Railroad*, 98 N. Y. 211; *Clifford v. Railroad*, 141 Mass. 564.

*James R. Vaughan* for respondent.

(1) A section foreman who is intrusted by the railroad company with the power to hire and discharge,

direct and control the workmen under his charge, is not a fellow servant of such workmen. In this case Rich was a vice-principal. *McDermot v. Silsby*, 87 Mo. 285; *Moore v. Railroad*, 85 Mo. 588; *Stevens v. Railroad*, 86 Mo. 221; *Baker v. Railroad*, 40 Mo. App. 458; McKinney on Fellow Servants, 288, 289. (2) When the servant, while executing the master's orders to do a certain act under certain circumstances which cause him to be exposed to an extra hazardous or unusual danger, is injured, the master is liable. Beach on Contributory Negligence [2 Ed.], 358; *Stevens v. Railroad*, 86 Mo. 221; *Cox v. Granite Company*, 39 Mo. App. 424; *Stevens v. Railroad*, 96 Mo. 207. Where a servant works under the immediate supervision or direction of a superior, who directs the manner of executing the work of the servants, if the servant without contributory negligence on his part is injured while obeying his superior, the master is liable, provided the conduct of the superior has in it the element of negligence and want of proper skill. Under the circumstances of this case, it was clearly the duty of the foreman to see that they were not injured. *Herrimen v. Railroad*, 27 Mo. App. 435; *Regan v. Kavanaugh*, 62 Mo. 230.

BIGGS, J.—The plaintiff was employed as a section hand on the defendant's railroad, and, while so engaged, he received personal injuries for which he sues. The section gang, with which the plaintiff was working, were engaged in loading railroad ties into an open coal car. The car was boarded up at the sides between forty and forty-eight inches. Under the order of the foreman of the gang the ties were loaded from the side of the car, and for that purpose a gangway was constructed, up which the ties were carried and thrown over into the car. The plaintiff and three others were in the car receiving and placing the ties, and six

others, including the foreman, were pushing the ties up the gangway. While the plaintiff was engaged in lifting a tie from the floor of the car, the men on the outside threw another tie which fell on the plaintiff's foot.

The petition alleged that the section men were working under the directions and control of the foreman, and that the plaintiff's injury was the result of the carelessness and negligence of the foreman in that he adopted an unusual and extra hazardous way of loading the ties, and that he neglected to give the plaintiff any notice or warning when a tie was thrown over the side of the car.

The answer contained a general denial, and also the averments that the plaintiff's injury was the result of his own negligence, or that of his fellow servants. There was a verdict for $200, which was followed by a judgment. The defendant has appealed.

It is insisted that under the law and the evidence the judgment is wrong. This assignment involves a particular examination of the evidence.

In addition to the facts already stated, the plaintiff introduced evidence tending to prove that the section men were working under the orders and directions of a foreman of the defendant, and that, when one of the men suggested that it would be better to load the ties at the end of the car, the foreman replied that he was in a hurry and that they could be loaded more expeditiously from the side of the car; that the plaintiff had been engaged for about fifteen minutes in placing the ties when he was hurt, and that during the time the foreman had failed to give any notice or warning when a tie was about to be thrown into the car. The plaintiff admitted on cross-examination that, if he had looked before stooping down, he could have seen the men carrying the tie up the gangway in time to have

gotten out of the way of danger. As an excuse for not looking he said that, previous to that time, the ties had been coming with such regularity that he and his colaborer had been able to remove them as fast as delivered, and that he had not deemed it necessary to keep a watch out for his own safety; but that, at the time he was hurt, the interval between the time when the ties had been previously delivered was shortened. Just why this happened does not clearly appear from the plaintiff's evidence, but the inference to be drawn from it is that previous to that time only three of the men on the outside had been engaged in loading the ties.

On the other hand, the defendant's evidence tended to prove that the ties were loaded either from the sides or ends of cars, and that in the former method there was the least danger to the men carrying the ties; that the plaintiff occupied an elevated position where he could see the men below while engaged in loading the ties, and that, if he had only looked before stooping down, he could have seen the danger in time to have escaped the injury; that during the time the entire force of six men were engaged in loading the ties, and that there was no change in the manner of doing the work; that the ties were carried about fifteen or twenty feet, and were thrown over the side of the car at about the rate of one every minute, and that the men on the outside could not see those on the inside when the latter were stooping over.

Under the decisions of this court, and also of the supreme court, the foreman was a vice-principal. The evidence conclusively shows that he was in charge of the section men with authority to direct them how, when and where to work. He also had authority to employ men. *Cox v. Syenite Granite Co.*, 39 Mo. App. 424; *Stephens v. Railroad*, 96 Mo. 207; *Herriman v.*

*Railroad*, 27 Mo. App. 435; *Moore v. Railroad*, 85 Mo. 588.

The evidence as to the manner of loading the ties was conflicting, the weight of the testimony being that it was customary to load them either way. But, conceding that the manner of loading which was adopted by the section foreman was unusual and extra hazardous, the plaintiff has no ground for complaint, for it is conceded that he is an experienced section hand. The danger was obvious, and, the plaintiff having full knowledge of the nature and extent of the risk, the legal presumption is that he assumed the increased hazard, if any, of the employment. It is quite clear that the plaintiff has nothing to complain of on that score.

But the plaintiff had the right to expect that the foreman would adopt every reasonable precaution to protect him from injury. *Keegan v. Kavanaugh*, 62 Mo. 230. Did the foreman do this, is the question. The measure of the master's duty to his servant must be determined be the facts and circumstances in each case. Here the plaintiff was ordered to get into an open car which was boarded up at the sides about forty or forty-eight inches. The work required necessarily put the plaintiff in a position at times where he could not possibly see what was being done on the outside, which added somewhat to the risk of the employment. This certainly required the foreman to adopt some extra precaution to guard him against accidents, and, as it is undisputed that the foreman failed in this, the recovery was justified, unless the plaintiff by his own negligence or want of attention contributed directly to the injury.

The question arising on the plaintiff's alleged contributory negligence is not free from difficulty. It is well established law that, when the injured party

fails to make use of his faculties of sight and hearing, and, if he had done so, the accident would not have happened, there can be no recovery, unless some valid excuse is offered for such neglect. *Kelly v. Railroad*, 11 Mo. App. 1. Now the plaintiff admits that, if he had looked before he stooped over to lift the tie from the bottom of the car, he could have seen the other tie in time to have escaped the injury. But he undertakes to excuse his inattention on the ground that ties had bad been previously thrown with such regularity that he ceased to keep a strict lookout, and that he had been caught by an unexpected change in the work of those on the outside. This we think was sufficient to warrant the circuit court in submitting the case to the jury. To authorize a nonsuit on the ground of contributory negligence an unavoidable inference of such negligence must arise from the plaintiff's own evidence *Cox v. Syenite Granite Co., supra.* However, the great weight of the evidence was against the fact of any change in the manner of doing the work, which, if true, would strip the plaintiff's negligence of all excuse and make it a direct contributing cause of the injury. The evidence is of such a character as to lead us to the conclusion that the verdict was the result of prejudice or mistake, and also that it was opposed to the instructions of the court, when all of the evidence is considered. *Walton v. Railroad*, 49 Mo. App. 620.

The other questions argued in the briefs are without merit. For the reasons stated the judgment of the circuit court will be reversed and the cause remanded. All the judges concur.