ELIZABETH McINTOSH, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

58 281
87 646

Kansas City Court of Appeals, May 14, 1894.

1. **Master and Servant:** BRAKEMAN'S ASSUMPTION OF RISK. A brakeman's calling is beset with many dangers incident to his business such as cars loaded with projecting timbers and rails, and when a railroad company is in the habit of receiving and transporting cars loaded with such projecting timbers and rails, the risk arising therefrom is nothing more than ordinary risk assumed by the brakeman; and for injuries growing out of such risk the railroad company is not liable.

2. ———: ———: SCIENTER. On the evidence in this case it is found that the deceased brakeman fully understood the perils of his occupation or at least had constructive knowledge of the dangers attending his hazardous business.

3. ——: ——: YOUTHFUL INEXPERIENCE.  There is no specific age at which the courts will or will not declare a party to be possessed of sufficient experience or discretion to look after his own safety.  At a certain tender age the courts will say as a matter of law that ordinary care can not be expected and contributory negligence should not be charged; in other cases of doubt, the question will be submitted to the jury; and at still another age and experience, there is no longer doubt as to sufficient capacity and the courts will treat the matter as beyond dispute and hold the party to the exercise of ordinary care.

4. ——: ——: SUFFICIENT AGE: CONTRIBUTORY NEGLIGENCE.  On the facts in this case the deceased brakeman was clearly of sufficient age and experience to fully understand the dangers of his employment and did know what was necessary to avoid the perils besetting him, and attempted to accomplish the coupling resulting in his death, in the usual manner in such cases, but made a mere miscalculation, for which he nor his mother, the plaintiff herein, can with any show of law or reason hold his employer.

*Appeal from the Jackson Circuit Court.*—HON. ED. L. SCARRITT, Judge.

REVERSED.

*Elijah Robinson* for appellant.

(1)  Defendant's demurrer to the evidence should have been sustained.  The deceased was well aware of the condition of the car and of the danger in making the coupling, and the accident was simply the result of a miscalculation on his part.  Under such circumstances the plaintiff was not entitled to recover.  *Noland v. Schickle*, 3 Mo. App. 300; *Cummings v. Collins*, 61 Mo. 520; *Devitt v. Railroad*, 30 Mo. 305; *Smith v. Railroad*, 67 Mo. 36; *Porter v. Railroad*, 71 Mo. 66; *Keigan v. Kavanaugh*, 62 Mo. 232; *McR. Co. v. Smithson*, 46 Mich. 219; *Wonder v. Balt, etc., Co.*, 52 Md. 411; *Sullivan v. Mfg. Co.*, 113 Mass. 396; Reeves, Domestic Rel., p. 465, and note; Cooley on Torts, p. 551; *Hayden v. Smithville, etc.*, 29 Conn. 548; Beach on Contributory Negligence, sec. 138; *Railroad v. Johnson*, 112 Ind. 355;

*Day v. Railroad*, 2 Am. and Eng. Railroad Cases (Mich.), 126; *Railroad v. Plunkett*, 2 Am. and Eng. Railroad Cases (Kan.), 127; *Railroad v. Hussen*, 12 Am. and Eng. Railroad Cases (Pa.), 241; *Railroad v. Brice*, 28 Am. and Eng. Railroad Cases; *Railroad v. Gowen*, 31 Am. and Eng. Railroad Cases (Tenn.), 168; *Scott v. Railroad*, 28 Am. and Eng. Railroad Cases (Or.), 414; *Boyle v. Railroad*, 23 N. E. Rep. (Mass.), 827; *Lathrop v. Railroad*, 23 N. E. Rep. (Mass.), 227; *Meyers v. Iron Co.*, 120 Mass. 125; *Kennedy v. Railroad*, 17 Atl. Rep. (Pa.) 7; *Nash v. Steel Co.*, 62 N. H. 406; *Railroad v. Somers*, 9 S. W. Rep. (Tex.) 741; *Woods v. Railroad*, 40 N. W. Rep. (Minn.) 510; *Judkins v. Railroad*, 14 Atl. Rep. (Me.) 735; *Darraeutts v, Railroad*, 31 Am. and Eng. Railroad Cases (Va.), 157. Defendant was not guilty of negligence in handling the car loaded with projecting railroad iron. *Jackson v. Railroad Co.*, 104 Mo. 457. (2) The undisputed facts show that the plaintiff has no cause of action, and the judgment should therefore be reversed without remanding the case. *Powell v. Railroad*, 76 Mo. 90; *Lennox v. Railroad*, 76 Mo. 86; *Schenck v. Sautter*, 73 Mo. 46; *Quay v. Lucas*, 25 Mo. App. 4; *Moore v. Hutchinson*, 69 Mo. 429.

*Warner, Dean, Gibson & McLeod* for respondent.

(1) Defendant must exercise ordinary care to provide its employees with reasonably safe, proper and suitable machinery and appliances with which to work. If a failure in this regard causes injury to a servant, without fault on his part, then a right of action arises against the employer. This statement of the law is fundamental. *Goins v. Railroad*, 37 Mo. App. 232; *Bowen v. Railroad*, 95 Mo. 275, 276; *Reichla v. Gruensfelder*, 52 Mo. App. 57. (2) Plaintiff's son was a

mere boy, an inexperienced "green" hand at such hazardous work, and his superior officer testifies that he gave the boy no notice of the danger in making the coupling in question. These facts must be considered in deciding this case. *Goins v. Railroad*, 37 Mo. App. 233; *Dowling v. Allen*, 74 Mo. 16. The principle announced in the case last cited is again affirmed in *Dowling v. Allen*, 88 Mo. 297; *Dowling v. Allen*, 102 Mo. 219; *Dowling v. Allen*, 14 Mo. App. 589, 590; *Reisert v. Williams*, 51 Mo. App. 15, 16. (3) It is the duty of a master who sets a servant to work in a place of danger to give him such notice and instruction as is reasonably required by the youth, inexperience or want of capacity of the servant. *Huhn v. Railroad*, 92 Mo. 447; 28 Am. and Eng. Railroad Cases 547; *Reichla v. Gruensfelder*, 52 Mo. App. 52; *Buesching v. Gas Co.*, 73 Mo. 219; *Parsons v. Railroad*, 94 Mo. 293, 294; *Haugh v. Railroad*, 31 Am. and Eng. Railroad Cases, 173. (4) When the question of negligence is one about which reasonable minds may differ upon a certain state of facts, it should be left to the jury to make the deduction from all the circumstances, to determine the ultimate fact. *Tabler v. Railroad*, 93 Mo. 86. (5) Whether or not defendant was guilty of negligence, whether or not deceased was guilty of contributory negligence, considering his youth, inexperience and want of knowledge of the danger attending the coupling in question, are all matters that must be submitted to a jury, as was done in the case at bar. Nor can the court take the case from the jury. *Brown v. Railroad*, 31 Kan. 1, 14, 15.

GILL, J.:—Mrs. McIntosh sued the defendant railway company for damages resulting to her by reason of the death of her son, John McIntosh, who was killed in the defendant's freight yards at Kansas City, Octo-

ber 16, 1883. The young man was at the time in the employ of the defendant as one of a crew for switching cars, and he received the injury which resulted in his death while attempting to couple a flat car loaded with railroad iron to a box car. The iron rails were thirty feet long while the car was only twenty-eight feet in length. The rails therefore of necessity projected over the end of the car. While McIntosh was in the act of coupling the two cars the end of one of these projecting iron rails struck him on the upper part of the left temple. He was at the time of his death twenty-one years of age—lacking eight months. The jury rendered a verdict for plaintiff in the sum of $368, and from a judgment thereon defendant appealed.

In our opinion the case should have been taken from the jury and the plaintiff nonsuited. Mrs. McIntosh can have no greater right to recover than would her son if he had survived the injury. And he would have had no cause to complain, for the manifest reason that he was injured through no fault of the defendant; or, to put it in another way, the misfortune occurred through and by means of the ordinary hazards attached to his employment. The case of *Jackson v. Railroad*, 104 Mo. 448, lately decided by the supreme court, covers every substantial feature of this and is controlling. The evidence here, as there, shows, that it was a matter of almost daily occurrence at the defendant's freight yards at Kansas City, to receive and transfer cars loaded with building materials and railroad irons, which, on account of their length, would project over the ends of the cars. Indeed, this is a matter of such common occurrence as to be within the knowledge of everyone. "The business of the brakeman," says the court in the *Jackson case*, "is beset with many dangers which are incident to his business, and these risks arising from cars loaded with projecting timbers and rails,

are risks incident to this particular business, and as to that business are not extraordinary." After referring to several decisions in other courts, the opinion concludes with the announcement that, "where a railroad company is in the habit of receiving and transporting cars loaded with timbers and iron rails which project over the cars upon which they are loaded, the risks arising from such projecting timbers or rails is nothing more than an ordinary risk assumed by the brakeman."

When, then, John McIntosh entered the employment of the defendant to switch cars in its yards, there was an implied undertaking on his part to take the chances of being injured by means of the usual and ordinary business there conducted. This was a part of his contract. He had at least constructive knowledge of the dangers attending this hazardous business. The evidence, however, fully justifies the conclusion that he was not ignorant of the kind of work he was undertaking. He had been engaged in and about this yard for more than a year, and at this particular business of switching cars from six weeks to two months. In the absence of any contrary showing we are right in assuming that he was ordinarily observant of what was there transpiring, and that he saw continuously cars loaded as was this one, and that he fully understood the perils of the occupation.

Plaintiff's counsel have much to say as to the age and alleged inexperience of McIntosh; that because of his alleged youth and inexperience the same degree of care and caution ought not to be expected on his part as if he had been of more mature years. We hardly think that this unfortunate young man could be considered within the age of irresponsibility, such as to exempt him from that duty of care and self protection expected of ordinary workmen; that he was not yet

twenty-one years old did not, as matter of law, fix his incapacity for self protection, as seemed to be the contention of plaintiff's counsel at the oral argument. There is no specific age at which the courts will or will not declare a party to be possessed of sufficient experience or discretion to look after his own safety. The circumstances have much to do in settling that question. The child is often of such tender years that the courts will say, as matter of law, that ordinary care can not be expected of it, and that it should not be charged with contributory negligence. Then there comes an age, attended or not with experience or inexperience, when capacity is a question of doubt, and in such cases the courts submit the question to the jury or triers of the fact. Passing this, the party injured may be of such age and experience that there is no longer doubt as to the possession of sufficient capacity and then the courts will treat the matter as beyond dispute and hold the party to the exercise of ordinary care. Beach on Contributory Negligence, sec. 39; 2 Thompson's Negligence, p. 1181; *Railroad v. Becker*, 76 Ill. 25–32.

From all that appears from the testimony in this case we discover no reason for relaxing the rule that the complaining party must, himself, at the time, have been in the exercise of ordinary care. McIntosh was clearly of sufficient age and experience to fully understand the dangers of his employment, and knew, too, what was necessary to be done to avoid the perils besetting him. He had been at work in the yards, where hundreds of cars were being daily switched, for more than a year before the accident, and he must have seen cars loaded just as was this one. The witnesses all agree that with the exercise of care, stooping the head as the car approached, the coupling could have been safely made. And it is clear that McIntosh

attempted to perform the work in that manner, since he was struck near the top of the head by a projecting rail situated about three to three and one-half feet above the ground. It is manifest that he saw and understood the danger of making the particular coupling, and attempted to accomplish it in the usual manner of stooping and adjusting the couplings beneath the projecting rails. But he made the lamentable mistake of not stooping low enough. It was a mere miscalculation on his part, for which he nor his mother, who brought this suit, can with any show of law or reason hold his employer.

But even admit that the deceased exercised ordinary care, and yet there is no case against the defendant for the reason already stated that the risk of being injured by these projecting rails was one which McIntosh assumed when he undertook that character of work. Regardless, then, of the question of contributory negligence on the part of the injured man, there was nothing in the case to justify a recovery. *Northern Central R'y Co. v. Husson*, 101 Pa. St. 17.

The judgment of the circuit court will be reversed. All concur.