Sell v. McAnaw et ux.

---

SELL et al., Appellants, v. McANAW et ux.

Division One, March 23, 1897.

1. **Ejectment:** COMMON SOURCE OF TITLE: OUTSTANDING TITLE. When both parties to an ejectment claim title through the same third person it is not necessary for the plaintiff to go back of the common source to prove title. It is enough that he show a better title through the common source than the defendant can show through that source. It will not help defendant to show a better outstanding title.

138 267
s158 469
138 267
167 165
167 169

2. ——: RIGHT CONVEYED BY DEED OF WIDOW'S DOWER.    Where the evidence shows that the disputed land was no part of the plantation of the deceased husband nor in anywise connected with his mansion house, the widow is not entitled to the possession and use of the property until dower is assigned, and a deed from her conveying her interest therein does not confer upon her grantee the right to possession; and an instruction telling the jury that such a deed gave the grantee the right to the possession of such land until dower is assigned, was wrong.

3. ——: ——: RIGHT TO POSSESSION.    Until the revision of the statutes of 1889 the widow could not, before assignment of dower, alienate her dower right by conveyance or assignment to one holding no interest in the land.    A widow's deed, therefore, to a third party, made in 1881, passed no legal right or title to the land to the grantee. The right to possession passed to the heirs.

4. ——: ——: RIGHT OF SUCH PURCHASER.    The acts of ownership of such third party were, therefore, hostile and adverse to the heirs and their grantees, and such acts, if such as to constitute possession and if exercised for ten years, must prevail against a deed from the heirs of the husband.

5. ——: POSSESSION.    The plaintiff must prove the defendant was in possession of the land at the time the suit is brought; and he can not be permitted to claim that the acts of defendant at the time suit was brought constituted adverse possession and also to deny that the same acts of possession, exercised for ten years, constituted such possession as to defeat his title.    If such acts constituted possession, plaintiff's action is barred by limitations; if they did not constitute possession, plaintiff had no cause of action.

*Appeal from the Clinton Circuit Court.*—HON. WILLIAM S. HERNDON, Judge.

AFFIRMED.

*E. J. Smith* and *Turney & Goodrich* for appellants.

(1) The court erred in refusing the instructions prayed by the plaintiffs, because: *First.* The deed from Mary Crohan to Edward Smith, made and delivered in 1881, conveyed an interest that only a court of equity could recognize or enforce. *Moore v. Harris*, 91 Mo. 616; *Bohannon v. Combs*, 97 Mo. 446, 449; *Waller*

*v. Mardus,* 29 Mo. 25; *Magwire v. Riggin,* 44 Mo. 512, 515. An equitable defense can not be shown under the general issue. *Henry v. McKerlie,* 78 Mo. 416. *Second.* The defendants can claim nothing under the statute of limitations. The possession of Edward Smith to which defendants succeeded by virtue of the provisions of his will was permissive and was never adverse in either. *Colvin v. Hauenstein,* 110 Mo. 575 and cases cited; *Comstock v. Eastwood,* 108 Mo. 41. (2) The statement of the respective rights and interests of the parties given in the court's instruction and which is fully sustained by the evidence, shows that even now the plaintiffs could not recover if the defendants had set up the real facts, as an equitable defense. *Gray et al. v. Givens,* 26 Mo. 291. (3) But, even if the defendants' possession had been other than permissive, and had been inconsistent with plaintiffs' title, the possession has been neither actual, open, nor continuous. *Herbst v. Merrifield et al.,* 133 Mo. 267.

*H. T. Herndon* and *J. J. McAnaw* for respondents.

(1) Widow, prior to assignment of dower, has no right to enter upon or possess or convey lands of her husband outside of homstead and quarantine. (2) When a woman conveys land it is not to be presumed, nor does it tend to prove, that a former husband owned such land. (3) Before a dower right attaches to lands owned by husband, his ownership in the land must have been of a particular kind, *i. e.,* a seizin during coverture of an estate of inheritance in which the children of such marriage would inherit. (4) The theory upon which respondents' evidence is based is discussed with citation of authorities in Sedg. and Wait, Trial of Title to Land, sec. 733, and is discussed in *Turner v. Hall,* 60 Mo. 271; *Leeper v. Baker,* 68

Mo. 400; *Draper v. Shoot*, 25 Mo. 197. (5) Even if the husband owned the land and the widow could be considered a co-tenant with children her grantee entering under her deed would be a disseizee and begin an adverse possession. *Long v. Stapp*, 49 Mo. 506.

MACFARLANE, J.—This is an action of ejectment to recover a tract of land in Clinton county described as the east twenty-five acres of the northeast quarter of the southwest quarter of section 33, township 57, range 30. The answer is a general denial.

On the trial a patent to the land from the United States to Charles W. Porter, dated in 1857, was read in evidence. Neither party proved title under the patentee.

Plaintiff offered in evidence the following deeds conveying this land: Louis Sutter to Bradford H. Bennett, dated February, 1864; Bradford H. Bennett to Thomas Crohan, dated October, 1864. It was shown by the evidence that Thomas Crohan, during the years 1865 and 1866, lived for about one year in the neighborhood of this land. He died about the year 1880 leaving a widow and four children. Plaintiffs claim title under a deed from the widow and three of the children of Thomas Crohan, dated March 26, 1895.

Plaintiffs, in order to prove a common source of title, read in evidence a deed from the widow of Thomas Crohan to Edward Smith, dated March 12, 1881. They then offered evidence showing that Edward Smith died in 1883, testate, leaving all his estate to his widow during her life, and that defendant, Mrs. McAnaw, now the wife of her codefendant, is the widow of said testator. They also offered evidence tending to prove that Edward Smith at his death owned a prairie farm near the land in dispute; that during his lifetime the

testator, and, since his death, his widow, the said de-
fendant, have taken from this land all the timber and
firewood used on the farm.   Defendants admitted that
the right to so use the land was claimed under deed
from the widow of Thomas Crohan.

Plaintiffs asked but the court refused to give the
following instructions:

"1.   Under the pleadings and evidence the verdict
must be for the plaintiffs.

"2.   That to constitute the possession of the de-
fendants or the party under whom they claim adverse
to the title of plaintiffs, the jury must find from the
evidence that the defendants or the party under whom
they claim built permanent structures on said land, or
actually enclosed or cultivated some part thereof, and
that it is not sufficient that the defendants or the party
under whom they claim paid taxes on the land, kept
off trespassers and cut timber thereon, under claim of
ownership, and unless the jury believe from the evidence
that the defendants, or one of them, or Edward Smith,
built said structures on the land, or enclosed some part
of it with a fence, the jury must find for the plaintiffs."

"3.   That the deed from Mary Crane to Edward
Smith was unauthorized and void for want of authority
in the grantor to convey the land described in it, and
no recovery in whole or in part can be based on said
deed, but the defendants must recover, if at all, upon
actual occupancy of the land in suit, as required in the
second instruction."

The court, thereupon, on its own motion gave to
the jury this instruction:

"The court instructs the jury that the quitclaim
deed read in evidence from Mary Crane to Edward
Smith, deceased, dated March 1, 1881, conveyed to
said Smith the dower interest of said Mary Crane, that
is, to an undivided third of the land during the life of

the said Mary Crane and that that interest passed to the defendants by virtue of the will of Edward Smith; that said deed and will gives the defendants the right to the possession of the premises in controversy until the dower of the said Mary Crane is assigned; that there is no evidence that such dower has ever been assigned and the jury will find for the defendants.''

To explain the instructions it should be stated that the Crohan family, since the death of its head, has changed its name to that of Crane.

The judgment was for defendants and plaintiffs appeal.

1. When both parties to an ejectment suit claim title through the same third person it is not usually necessary for plaintiff to go back of the common source in order to prove a title upon which he can recover. It is enough that he shows a better title, through the common source, than defendant can show through the same source. Before a defendant can be allowed to impeach the common source he must establish that he has acquired a superior title. To show a better outstanding title will not help him. Sedg. and Waite, Trial of Titles, sec. 803.

Plaintiffs have shown no title to the land in themselves but base their right to recover on the claim that Thomas Crohan is the common source under which both they and defendants assert their titles. Plaintiffs claim through a deed from the heirs of Crohan and defendants claim under a deed from his widow.

Defendants insist that the deed by the widow of Crohan to Edward Smith was independent of any right derived from the husband of the grantor, and that, therefore, he was not the source of their title and no common source was shown. We do not think this contention can be sustained.

The deed was doubtless made and accepted under

the belief of both parties to it that the grantor derived some assignable interest from her deceased husband, otherwise a deed had as well have been taken from any disinterested person.   Indeed defendants, on the trial, admitted that they based their claim solely under the deed from the widow as such.   The question is not whether the defendants secured a good title by the deed, but whether their claim of title is from a source through which plaintiffs also claim.

We think it sufficiently appears that both plaintiffs and defendants claim through Thomas Crohan.

2.   There was no evidence whatever that the disputed land was a part of the plantation on which was situated the mansion house of the deceased husband. The home of Crohan at his death was in another county, and this land was not used in any manner in connection with it.   The widow of Crohan was not, therefore, entitled to the possession and use of it until her dower was assigned.

Section 2205 (R. S. 1879) only gave her the right to remain in and enjoy the mansion house of her husband, and the "messuages and plantation thereto belonging" until the assignment of her dower.   It gives her no right to the possession of all the land of her deceased husband in which she had a dower right. Her conveyance of the land did not therefore confer upon her grantee the right to possession.   She could convey no greater right than she herself possessed.

3.   Whatever interest Crohan had in the land descended to his heirs, subject to the widow's right of dower.   If he was entitled to the possession, and, as between the parties to this suit who claim under him, we must assume that he was, the right on his death vested in his heirs.

Until the revision of 1889 (sec. 4514), a widow could not, at law, before assignment, alienate her dower

right by conveyance or assignment to one holding no interest in the land. She could release her claim of dower to the terre-tenant so as to bar herself, but she could invest no other person with the legal title thereto, until it had been assigned. 2 Scrb. on Dower, sec. 42; 5 Cyclo. of Law, 906, and cases cited in each; *Brawford v. Wolfe*, 103 Mo. 400.

It follows that the deed from the widow to Smith passed no legal right or title in the land to the grantee. Defendants in the use they made of the land, can only be treated as trespassers unless they have thereby acquired the title thereto by adverse possession.

4. It can not be said that the acts of ownership exercised over the land by defendants were permissive, and not adverse to the claim of the heirs. The widow had no right she could confer upon her grantee. The deed conferred no right to possession, or to go upon the land and cut and remove timber therefrom. Defendants' acts of ownership were, consequently, hostile to the rights of plaintiffs.

5. The instruction given by the court upon its own motion was erroneous, but we are of the opinion that the judgment was nevertheless for the right party. The answer of defendants was a general denial. The possession of defendants was thereby put in issue. If defendants are not in possession plaintiff can not recover possession from them. Possession by defendants was one of the facts plaintiffs were required to allege and prove. *Clarkson v. Stanchfield*, 57 Mo. 574.

The evidence shows conclusively that defendants had been using the land in the same manner as when the suit was commenced, for more than ten years prior thereto. If the use made of the land and the acts of ownership exercised over it by defendants constituted possession, then under the statute of limitation the action is barred. If they did not amount to

May v. Trust Co.

possession then plaintiffs can not maintain the action of ejectment. In one case the action is barred, and in the other no cause of action is shown. In either case plaintiffs must fail.

The judgment is affirmed. BARCLAY, P. J., and ROBINSON and BRACE, JJ., concur.