LOUIS LETANOVSKY, Appellant, v. FRIEDMAN-
SHELBY SHOE COMPANY, Respondent.

St. Louis Court of Appeals, May 2, 1911.

1. MASTER AND SERVANT: Injury to Servant: Assumption of
Risk: Injury Arising From Method of Business. While it is the
master's duty to furnish a servant reasonably safe appliances
and place to work, yet the master may conduct his business in
his own way, so long as such way is not unlawful; and if a
servant, knowing the hazard of the employment, as the busi-
ness is being conducted, sees fit to undertake its performance,
he impliedly waives the right to compensation for injuries re-
sulting from the method of conducting the work, although
a different method would be less dangerous.

2. ————: ————: ————: ————: Facts Stated. An experienced
workman, employed to pass sheets of leather through a split-
ting machine in a shoe factory, assumed the risk of being in-
jured on account of his hand becoming caught by a flap on the
leather, where the employer's known method of doing the work,
which required the flaps to be left on the sheets, was not un-
lawful, and the danger of injury therefrom was open and
obvious.

3. ————: ————: Failure to Guard Machinery: Sufficiency of Evi-
dence. In an action for injury to an employee, resulting from
having his hand caught in a splitting machine in a shoe fac-
tory, *held*, evidence that another machine of like kind in the
same factory was equipped with a guard of a practical charac-

ter, which, no doubt, would have prevented plaintiff's injury, and that it would have been practical to maintain such a guard on the machine in question, a place for it having been created in the manufacture of the machine, was sufficient to establish negligence on the part of defendant in failing to guard the machine.

4. ———: Furnishing Appliances: Duty of Master: Duty not Delegable. It is the duty of the master to exercise ordinary care toward rendering an appliance furnished for the servant's use reasonably safe, and this duty, being personal to the master, can not be evaded by delegating it to another.

5. ———: Injury to Servant: Failure to Guard Machinery: Assumption of Risk. A servant in a shoe factory, employed to feed leather into a splitting machine, does not assume the risk of injury from his hand slipping into the machine by reason of there being no guard on the machine, since such injury was the result of the master's negligence in failing to provide a guard, and not the result of the mode and manner in which the servant performed his work.

6. ———: ———: ———: Instructions: Conformity to Issues. In an action for injury to a servant, resulting from having his hand caught in a splitting machine in a shoe factory, it was error to submit an instruction to the jury, authorizing them to find for plaintiff, if the machine was "so placed" as to be dangerous, and was not guarded, when the petition contained no specification of negligence that the machine was "so placed" as to be dangerous.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

REVERSED AND REMANDED.

*Watts, Dines, Gentry* and *Lee* for appellant.

(1)   The court erred in overruling the defendant's demurrer to the evidence.   Jackson v. Railroad, 104 Mo. 448; Bradley v. Railroad, 138 Mo. 302; Minnier v. Railway, 167 Mo. 99; Brands v. Car Co., 213 Mo. 698; Chrismer v. Telephone Co., 194 Mo. 189.   (2)  Plaintiff's instruction No. 2 is erroneous because it submits to the jury an issue not presented by the pleadings or the evidence, namely, the manner in which the machine was placed, for it permits recovery if the machine was of such

·character, or so placed, as to be dangerous to persons ·employed thereabout while engaged in their ordinary ·duties. It is error to submit an issue in an instruction which is not raised by either the pleadings or the evi- ·dence. Phelan v. Paving Co., 115 Mo. App. 423; Porter v: Railway Co., 199 Mo. 82; State ex rel. Schreiber v. Dieckmann, 124 Mo. App. 623.

*Kinealy & Kinealy* for respondent.

(1) The demurrer to the evidence was properly ·overruled because: (a) The servant never assumes risks arising through the negligence of the master. ·Charlton v. Ry Co., 200 Mo. 413. (b) The servant is .required to obey the order of the master, unless to do· ·so is to imperil life or limb. Stephens v. Railroad, 86 Mo. 221; Franklin v. Railroad, 97 Mo. App. 473. (2) Appellant's complaint of respondent's instruction is not . well founded, because it is not erroneous to require a plaintiff to prove more than is necessary to authorize a verdict in his favor. Sewall v. Railroad, 119 Mo. 222; Harrington v. Sedalia, 98 Mo. 583; La Force v. Insurance Co., 43 Mo. 518; Gibler v. Railroad, 129 Mo. App. ·93; Murphy v. Railroad, 125 Mo. App. 269; Brooks v. Railroad, 35 Mo. App. 571.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries through the ·alleged negligence of defendant. Plaintiff recovered, and defendant prosecutes the appeal.

Defendant corporation owns and conducts a shoe factory in the city of St. Louis, and plaintiff, a mature man and experienced shoe worker, was in its employ at the time of his injury Plaintiff had been in defendant's ·employ for about two months, operating the machine through which he was injured, and he had worked with like machines in other factories for several years there- tofore; so there is no question about his experience with the machine, nor as to his familiarity with the way to

operate it.  Plaintiff lost the first two joints of his two middle fingers and received an injury to both the initial and little finger on one of his hands, while engaged in passing leather through one of defendant's splitting machines.  The machine is shown to be of the ordinary character employed in shoe factories for such purpose and is about three feet in width.  Together with other portions thereof, not necessary to mention, it consists of two horizontal rollers about three feet long which, through their rapid revolutions, convey leather against a sharp knife situate horizontally and immediately behind the rollers, and the leather is thus split by passing it through the machine against the knife.  Plaintiff's occupation at which he was engaged when injured was to feed large sheets of leather about three feet wide into the machine, by placing the end of the leather between the rollers and guiding it through, to the end of splitting the same.  While so engaged, plaintiff's hand became entangled with what is mentioned in the evidence as a flap on the leather which he was feeding the machine, and was thus drawn between the rollers and against the knife, which dissevered two of his fingers and injured two others.  The flap on the leather which, it is said, operated in part to occasion plaintiff's injury seems to be a portion thereof which was curled up and over against the body of the sheet passing through the machine.  The evidence tends to prove that nearly or about all of the sheets of leather in the rough which are passed through such machines in the process of splitting are incumbered with such flaps, probably on either the ends or sides of the sheets.

As a matter of inducement, the petition mentions the sheets of leather which plaintiff's employment required him to pass through the splitting machine, and describes the flaps thereon as above indicated.  It avers, too, that such flaps on the sheets of leather render the occupation of passing them through the machine dangerous.  After so premising, the petition sets forth

two specifications of negligence on the part of defendant touching the matter of the mode of conducting the work and the machine itself. As the first breach of duty to exercise ordinary care for plaintiff's safety, it is averred that defendant, through its foreman, forbade plaintiff cutting such flaps from the sheets of leather, before they were inserted between the rollers, and required him to pass the same through the machine with the flaps thereon, which rendered the mode of performing his work dangerous and operated to entangle his hand and injure it. The second breach of duty relates to defendant's omission to equip the machine with a guard sufficient to prevent plaintiff's hand from being caught between the rollers, and to render it reasonably safe for the purpose it is used.

By an instruction for plaintiff, the court submitted both of these specifications to the jury as predicates of liability against defendant and we believe it erred in so doing as to the first one, for plaintiff took the risk of performing the work in the mode and manner the master usually conducted it. Touching this matter, it may be said that it is conceded to be the custom in defendant's factory to pass sheets of leather with such flaps thereon through the splitting machine without first cutting the flaps from the leather, for it is said this prevents waste. Plaintiff sometimes would cut the flaps from the sheet before inserting it into the machine, and thus destroy a portion of the leather, and he says defendant's foreman forbade him to do so, and told him that the entire sheet should be passed through the machine, to the end of preventing such waste; that after such flaps were so split in the machine the leather otherwise thrown away could be used in shoes as "counters," etc. Because of the fact that defendant's foreman insisted upon having the entire sheet of leather with the flap connected passed through the machine, to the end of preserving and utilizing the whole, plaintiff predicates his complaint on the order of the foreman to that effect,

which he says involved danger. As before stated, plaintiff was a mature man and experienced workman about such machines when he entered defendant's employ, two months before, for the very purpose of splitting leather on the particular machine by which he was injured. This being true, it is entirely clear that he assumed the risk ordinarily incident to the operation of the machine in the manner and for the purpose for which he was employed.

Though the duty is devolved upon the master to exercise ordinary care to the end of furnishing the servant a reasonably safe appliance with which, and a reasonably safe place at which, to perform the employment, the rule is not so strict with respect to the mode and manner in which the master sees fit to conduct his business. No one can doubt that the master may conduct his own business in his own way, so long as it is not unlawful, and if a servant, knowing the hazard of the employment as the business is being conducted, sees fit to undertake its performance, he impliedly waives the right to compensation for injuries resulting from causes incident to the mode and manner of conducting the work, though a different method of conducting it would be less dangerous. [See Bradley v. Chicago, etc., R. Co., 138 Mo. 293, 302, 39 S. W. 763; Minnier v. Sedalia, etc., R. Co., 167 Mo. 99, 113, 66 S. W. 1072.] As to this specification of negligence, the defect in the machine in not being supplied with a guard is not to be considered, for it relates alone to the method of the master in conducting his own business, and the very undertaking which plaintiff impliedly agreed to discharge on entering the employment. It is certainly not unlawful for a master to require all of the sheets of leather to be passed through the splitting machine, to the end of preserving and utilizing every part thereof; for to do otherwise would manifestly entail considerable waste and loss in an establishment.

A servant who knowingly enters the master's employ to perform such a service may not predicate a negligent breach of duty against the master for requiring him to perform the very task he undertook in his contract of hire, especially when the danger complained of is an open and obvious one, as here. Shearman & Redfield, in their work on Negligence, section 185, thus state the law on the subject: "Where a business is obviously dangerous, and is conducted in a manner which is fully known to the servant at the outset, he assumes the risk of its conduct in that manner, although a safer method could have been adopted." Our Supreme Court, in Jackson v. Mo. Pac. R. Co., 104 Mo. 448, 457, 16 S. W. 413, adopted the language of the authors above quoted, and affirmed it to be the true rule of decision. The identical principle has been frequently declared by the Supreme Court, this court, and the Kansas City Court of Appeals, as will appear by reference to the following authorities in point: Minnier v. Sedalia, etc., R. Co., 167 Mo. 99, 113, 66 S. W. 1072; Claybaugh v. K. C., etc., R. Co., 56 Mo. App. 630; McIntosh v. Mo. Pac. R. Co., 58 Mo. App. 281. The court should not have referred the first specification of negligence to the jury, as a predicate of liability, for no breach of duty on the part of defendant with respect of that matter appears from the evidence, as it was clearly a risk ordinarily incident to the employment which plaintiff undertook to perform.

But the second specification of negligence relates to the machine itself, and it is averred that defendant omitted to exercise ordinary care for plaintiff's safety, in that it failed to supply such machine with a guard reasonably sufficient to prevent his hand from becoming entangled therein. Though there is evidence on the part of defendant that the machine was supplied with a sufficient guard, that of plaintiff goes to the effect that no guard whatever was on this machine and it is conceded another machine of like kind in the same factory was equipped with a guard of a practical char-

acter, which would, no doubt, have prevented the injury in this instance. It is in evidence, too, that it was practical to maintain such a guard on this machine, and indeed that a place for one had been created in its manufacture. This evidence tends to prove negligence on the part of defendant, for no one can doubt that the law devolves upon the master the duty to exercise ordinary care toward rendering the appliance furnished for the servant's use reasonably safe for the purpose. Besides, such duty is a personal one, which obtains as to the master alone, and can not be evaded by its delegation to another. [See Shearman & Redfield on Negligence (5th Ed.) sec. 194.] We cannot say that plaintiff assumed the risk of feeding and operating the machine without such guard, as the evidence tends to prove the risk pertaining to that arose from the master's negligence, and not from the mode and manner plaintiff performed the work. [Curtis v. McNair, 173 Mo. 270, 73 S. W. 167; Shearman & Redfield on Negligence (5 Ed.), sec. 185a.] The court did not err in referring this specification of negligence to the jury.

The principal instruction for plaintiff obviously submitted to the jury as a predicate of liability the matter of the machine being "so placed" as to be dangerous, when the petition contains no specification of negligence thereabout, nor is there complaint in the proof that the machine was *so placed* as to require a guard. This feature of the instruction no doubt proceeds on our statute (R. S. 1909, sec. 7828), which requires certain machines in manufacturing establishments, when so placed as to be dangerous to persons employed thereabout while engaged in their ordinary duties, to be guarded. We do not say that under no circumstances would this case fall within the terms of the statute; but manifestly the petition does not contemplate that it did, and of that matter proof touching it is absent, too. On a retrial the instruction should be redrawn, so as to omit this feature as a

predicate of liability, unless the petition is amended to include it, and the proof is made.

The judgment should be reversed, and the cause remanded. It is so ordered.

*Reynolds, P. J.,* and *Caulfield, J.,* concur.