CHARLES L. GRAVES, Respondent, v. METRO-POLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 5, 1914.

1. **NEGLIGENCE: Damages: Pleading: Assumption of Risk.** Plaintiff was engaged in painting the iron columns of defendant's viaduct over a public street. To do so he had to stand on a ladder the upper end of which rested against the column and the other on the ground in the street. A passing wagon struck the foot of the ladder throwing him to the ground. The petition charged that defendant negligently ordered him to paint the columns and negligently failed to place a guard at the ladder to protect plaintiff. The proof admitted under the petition showed that plaintiff carried his ladder from post to post and set it up himself, that he was fully aware of the danger, that he painted for at least three weeks without a guard before the injury. *Held*, that, under the petition and evidence, he assumed the risk, and a demurrer to the evidence should have been sustained.

2. ———: ———: ———. As the injury was not caused by any defect in the appliances furnished by the master nor by negligent construction on the master's part, but was inherent in the nature of the work as it was being done, and the servant was fully cognizant of it, the question of assumption of risk arises and not that of contributory negligence.

3. **APPELLATE PRACTICE: Remanding Case Where Evidence Shows a Possible Case.** While the appellate court should not remand a case for a new trial upon a mere conjecture that

175 Mo. App. 22

evidence may exist showing that plaintiff has a cause of action, yet where the evidence offered shows that if the petition had been properly framed to meet the facts as claimed by plaintiff, he would have a cause of action, the case will be remanded so that plaintiff may have an opportunity to amend his petition and present his cause if he so desires.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *L. T. Dryden* for appellant.

*I. B. Kimball* and *B. F. White* for respondent.

TRIMBLE, J.—Plaintiff sued the defendant to recover damages sustained by reason of a fall from a ladder upon which plaintiff was standing while engaged in painting the iron columns supporting defendant's elevated track over Central avenue in Kansas City. The street in which these columns stood was much traveled, but the travel was much heavier at certain hours of the day than at others.

In painting these columns two men worked together painting on opposite sides, each standing upon a ladder the upper end of which rested against the column and the lower end stood in the street on the ground a short distance from the foot of the column. These men carried these ladders from column to column and placed them in position themselves. While plaintiff was on his ladder and about twenty feet more or less from the ground, engaged in painting as stated above, a wagon passing along the street struck the foot of the ladder, pushing it aside and hurling plaintiff to the ground.

The petition charged that plaintiff was employed by defendant as a painter to paint the metal columns as aforesaid and was engaged in painting them under the direction of a foreman; that the street at the point

where plaintiff was working was much traveled and it was the duty and custom of the defendant, at such places, to place a man at the foot of said ladder to protect him from danger by reason of the striking of said ladder by passing teams and vehicles; that on the day plaintiff was hurt defendant carelessly and negligently ordered plaintiff to paint the columns in the street aforesaid, and while plaintiff was engaged in painting one of said columns in the position above outlined, defendant carelessly and negligently failed to place a man at the foot of the ladder to guard and protect plaintiff from the danger of being run against by passing vehicles; that a passing wagon ran against his ladder and plaintiff was injured, all occasioned by the negligence of defendant.

The answer contained a general denial, a plea of contributory negligence and also that of assumption of risk.

At the opening of the trial defendant objected to the introduction of any evidence, principally upon the ground that there was in the petition no allegation of negligence against the defendant since the only duty charged was that of maintaining a watchman at the foot of the ladder and that was not a duty the master owed the servant. This objection was overruled and the trial proceeded to judgment in favor of plaintiff, from which defendant has appealed.

The evidence in support of plaintiff's case tended to prove that plaintiff was in the employment of defendant in the situation above outlined; that he had been painting defendant's bridges and viaducts for about three months prior to the injury; that wherever columns to be painted stood in a public street, where the ladder was in danger of being struck by passing travel, a watchman or guard was directed by defendant to stand at the foot of the ladder while the painter thereon did his work; that this custom of maintaining a guard had been observed until about three weeks prior

to plaintiff's injury when, on account of a lack of men, the new foreman discontinued this practice; and that plaintiff knew this fact. In addition to this, plaintiff testified and attempted to prove that, when the guard was dispensed with, he complained to the new foreman of the danger of having no guard and the foreman replied that they were short of men at that time and as soon as they had more men a guard would be placed; also that the foreman told him the travel was not so heavy at this place and plaintiff could be careful and watch and that he, the foreman, was on the ground part of the time where he could be around and watch. The court, however, struck out all testimony as to what took place between the plaintiff and the foreman because it tended to show a promise to furnish a guard and that fact was not pleaded. So that the case went to the jury upon plaintiff's testimony showing that the ladders were carried from post to post by plaintiff and his companion painter and were adjusted and set up by them, that for three weeks before the injury no guard was kept, that plaintiff knew this and realized the danger but, notwithstanding such knowledge, continued to paint in such dangerous situation. Defendant demurred to the evidence both at the close of plaintiff's case and also at the close of all the evidence, but these demurrers were overruled.

On the case as made by the petition and the testimony allowed to remain in evidence, defendant's demurrer should have been sustained. The petition charged that it had been the custom of the defendant to maintain a guard at the foot of the ladder, but that on the day of the accident the defendant negligently ordered plaintiff to paint in such dangerous situation and negligently failed to place a guard at or near the ladder. This, under certain circumstances, would constitute a good cause of action; and therefore the petition, even if defective in certain minor particulars, was good as against a mere objection to the introduc-

tion of testimony, and where no more definite or other direct attack was made on the petition. But the trouble with plaintiff's case is that while his petition may have sufficiently stated a cause of action, his proof, which was admissible under that petition and which was allowed to remain in the case, showed that plaintiff assumed the risk, and therefore defendant was not liable. Plaintiff's evidence shows that he knew that the use of a guard had been discontinued for more than three weeks before the injury, that the danger of painting columns in the street was open and fully known to him, and that he himself attended to the placing of his ladder. It also showed that in spite of this he continued to paint. (It must be borne in mind that, in speaking thus of what the evidence shows, reference is had only to the evidence remaining in the case under the rulings of the trial court, and on which the case went to the jury.) In such circumstances the case, as it then stood, showed that the plea of assumption of risk was good.

Plaintiff contends however, that defendant was in duty bound to furnish him with a reasonably safe place to work and that as defendant failed to do this, and that as a servant never assumes the risk of negligence on the part of the master, the question of assumption of risk does not arise, but only that of contributory negligence. This contention is no doubt correct when applied to a proper state of facts. It is not applicable here however. In this case the columns to be painted were in a place where it was more or less dangerous to paint them. It was not unlawful to paint them in the manner in which they were being painted, and they could not be removed to a safer place but, if painted at all, must be painted where they stood. The danger arose, not from any defect in the appliances or in the place furnished by the master, but as an incident to and inherent in the nature of the work to be done. The danger was also obvious and open to the servant and

he was fully cognizant of and recognized it. In such case the rule of assumption of risk applies. [Lee v. Railroad, 112 Mo. App. 372, l. c. 391, 393; 2 Thompson on Neg., sec. 1008; Epperson v. Postal Tel. Cable Co., 155 Mo. 346, l. c. 372; Letanovsky v. Shoe Co., 157 Mo. App. 120, l. c. 125; Bradley v. Railway, 138 Mo. 273, l. c. 302; Minnier v. Railway, 167 Mo. 99, l. c. 113.]

The cases cited by plaintiff as holding that assumption of risk does not apply are not in point here because, in those cases, there was either a defect in the appliances furnished by the master, or the place was apparently safe but in reality was unsafe because of the negligence of the master. In Shore v. Am. Bridge Co., 111 Mo. App. 278, and in Jewell v. Bolt & Nut Co., 231 Mo. 176, the defect was in the appliances which the master negligently furnished the servant, and in Charlton v. Railway, 200 Mo. 413, the defect was in the place furnished by the master but it was a defect that was not apparent and was caused by negligent construction on the part of the master. Of course, in such cases, assumption of risk does not apply. But, in the case before us, where the only evidence remaining in the case shows that a servant was hired to paint the columns standing in a public street and the servant took his ladder and leaned it up against the column without fastening or security of any kind and knew and fully realized the danger from passing vehicles and continued to work thus for three weeks, the servant must be held to have assumed the risk. If not, then the writer cannot conceive of a situation in which assumption of risk would apply.

It will be noticed, however, that the evidence plaintiff attempted to introduce, but which was excluded, tends to show that plaintiff complained to the foreman of the absence of a guard and that the foreman told him as soon as he had enough men he would replace the guard, and also that the travel wasn't so heavy and that he, the foreman, was on the ground

part of the time where he could be around and watch. This would not relieve plaintiff of the charge of having assumed the risk, on the ground of a promise having been made to him that a guard would be placed when there were men enough to spare one for that purpose. Because plaintiff continued to paint for at least three weeks thereafter with no guard having been appointed, and this was an unreasonable length of time for plaintiff to continue work in reliance upon such promise. But the evidence shows that the travel was heavier at certain hours of the day than at others, and the statement of the foreman to plaintiff that the travel was not so heavy and that he would be around and watch part of the time, could, under proper pleadings and evidence, be relied upon as a promise and an assurance that the foreman would perform the duty of guarding the ladder himself in connection with his other general duties. In that event, the question whether plaintiff relied upon such promise and assurance would be for the jury, and the negligence, if any, chargeable against defendant would be, not that no guard was stationed, but that the foreman undertook to guard and negligently failed to perform that duty. The petition, however, is not framed upon that theory or to meet that state of facts. The petition is on one theory, and plaintiff's evidence shows that he is not entitled to recover on that theory or on the facts admissible thereunder; but plaintiff's evidence does tend to show that he may be entitled to recover on a different theory which, if it had been pleaded, would disclose that a cause of action existed. While the judgment, based on the petition and the evidence as it now stands in the case, must be reversed, yet, as plaintiff's evidence tends to show that he may have a cause of action, if his petition is properly framed, it is our duty to remand the case and not reverse it outright. In this way plaintiff will have an opportunity to amend his petition, if he so desires, and submit his case in ac-

cordance with the facts as he conceives them to be. It is true an appellate court ought not to remand a case upon *conjecture* that certain evidence, pointed out as necessary to a recovery, *may* exist whereby a plaintiff can recover. Such course is always more or less a temptation to frail human nature to find the evidence needed whether it exists or not. But where the testimony as already given discloses that such evidence does or may in all probability exist, then the fear of creating a temptation to furnish false testimony should not arise or be given weight.

The judgment is therefore reversed and the cause remanded. All concur.